UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ADIL KHALIL,                                              :
                                                         :
                              Plaintiff,                 :
                                                         :     ORDER
            -against-                                    :     17-CV-1729 (JFB) (SIL)
                                                         :
THE CITY OF NEW YORK, et al.,                            :
                                                         :                    **F I L E D**
                              Defendants.                :              IN CLERK'S OFFICE
                                                         :          U.S. DISTRICT COURT E.D.N.Y.
-------------------------------------------------------------------X        ☆   **JUL 26 2018**   ★

JOSEPH F. BIANCO, District Judge:                                       LONG ISLAND OFFICE

        *Pro se* plaintiff Adil Khalil ("plaintiff") filed his first complaint on March 22, 2017 (ECF

No. 1), and filed an amended complaint on August 1, 2017 (ECF No. 10), alleging violations of

his Fourth, Fifth, and Fourteenth Amendment rights pursuant to 42 U.S.C. §§ 1983 ("Section

1983") and 1985 ("Section 1985"). On November 20, 2017, defendant Mayor Bill de Blasio

filed a motion seeking to dismiss plaintiff's amended complaint. (ECF Nos. 25-28.) On

December 18, 2017, defendants Borough Commissioner Ira Gluckman, Deputy Director Winston

Von Engel, and Plan Examiner Charles Coutain (together with Mayor Bill de Blasio, "the

individual defendants") filed a motion seeking to dismiss plaintiff's amended complaint. (ECF

No. 37-41.) This Court referred the motions to dismiss to Magistrate Judge Stephen I. Locke for

a Report and Recommendation. (ECF No. 57.)

        On June 11, 2018, Magistrate Judge Locke issued a Report and Recommendation (the

"R&R"). (ECF No. 58.) The R&R recommended that the Court grant the individual defendants'

motions to dismiss in their entirety and dismiss the amended complaint without prejudice, except

for plaintiff's causes of action based on the "Brooklyn Incidents,"[1] discussed *infra*, which the R&R recommended the Court dismiss with prejudice. (*Id.* at 2.) On July 2, 2018, plaintiff filed objections to the R&R ("plaintiff's objections"). (ECF No. 60.) On July 16, 2018, the individual defendants filed an opposition in response to plaintiff's objections. (ECF No. 61.) The Court has fully considered the parties' submissions. For the reasons set forth below, the Court adopts the well-reasoned and thorough R&R in its entirety.

## Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept,

---

[1] Magistrate Judge Locke used the term the "Brooklyn Incidents" in discussing a group of plaintiff's claims. (ECF No. 58 at 3.) These incidents and the related claims are discussed in the "Analysis" section of this Order.

reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## Plaintiff's Objections

Plaintiff submitted an "objection" to the Court that: (1) summarizes the R&R, (2) requests that the Court grant plaintiff leave to file a second amended complaint, and (3) provides a statement of facts summarizing the claims he would include in this second complaint. Plaintiff's submission does not, however, address the reasons provided in the R&R for recommending dismissal. (ECF No. 60 at 2-8.) Specifically, it fails to rebut the findings and/or recommendations that (1) the Court lacks subject matter jurisdiction over the claims arising from the alleged Brooklyn Incidents (ECF No. 58 at 9-11), (2) plaintiff failed to state a claim under either Section 1983 or Section 1985 (*id.* at 11-23), and (3) in light of these first two grounds for dismissal, the Court should decline to exercise supplemental jurisdiction over any alleged state law claims (*id.* at 23-24). Instead, plaintiff's response discusses his mental and physical health (ECF No. 60 at 3-4), as well as the claims he already alleged in his amended complaint against the New York Police Department ("NYPD") for alleged unreasonable search and seizure and false arrest (*id.* at 4-6), against the NYPD in connection with his alleged stalker (*id.* at 6-7), and against a "DCDA officer"[2] and the municipality for deprivation of property (*id.* at 7-8). As discussed further *infra*, the R&R fully and correctly addressed each of these claims, and plaintiff's response fails to raise new arguments that undermine the correct analysis contained in the R&R.

Plaintiff's response concludes with his request that the Court him grant leave to file a second amended complaint. (*Id.*)

---

[2] It is unclear from plaintiff's objection for which agency this officer worked. Although plaintiff claimed in his amended complaint that a Department of Citywide Services ("DCAS") officer inflicted this alleged deprivation of property (ECF No. 10 at 11), this appears to be the same claim.

**Analysis**

Having conducted a review of the full record and the applicable law, and having conducted a *de novo* review of the entire R&R, the Court adopts the findings and recommendations contained in the R&R in their entirety.

First, the Court agrees with the R&R's conclusion, under the correct legal standard, that this Court lacked subject matter jurisdiction over what Magistrate Judge Locke named the "Brooklyn Incidents," which include plaintiff's claims that he was: "(1) accused of making a bomb threat; (2) told by Defendant Coutain that he . . . 'was not welcome,' barred from a plan examination and escorted out of the building; and (3) accused of 'masturbating or touching [himself].'" (ECF No. 58 at 3 (citing Am. Compl. ¶¶ 17-25).) The R&R explained that "a claimant who has filed a complaint with the New York City Commission on Human Rights ('NYCCHR') is generally precluded from pursuing the same claims in a judicial forum" (*id.* at 9 (citing *York v. Assoc. of Bar of City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002))), that plaintiff had filed such an administrative complaint regarding the Brooklyn Incidents, and that his complaint had been dismissed (*id.* at 10). This Court, therefore, agrees with Magistrate Judge Locke's conclusion that the Court lacks subject matter jurisdiction over these claims, and that they should be dismissed with prejudice. (*Id.* at 9.)

Second, the Court agrees with the R&R's findings that plaintiff failed to state a claim under either Section 1983 or Section 1985. Magistrate Judge Locke correctly explained that the Section 1983 claims failed for the following reasons: (1) plaintiff failed to allege personal involvement of the individually named defendants—plaintiff's claims with respect to these defendants "arise solely in the context of the Brooklyn Incidents, over which the Court lacks subject matter jurisdiction as described above" (*id.* at 13), (2) the claims based on the April 13, 2013 website

4

posting and February 7, 2014 detention are time-barred, and plaintiff has failed to demonstrate a basis for tolling the statute of limitations (*id.*), (3) plaintiff failed to allege that he was denied procedural due process with respect to the October 16, 2016 threat of commitment because he was not actually committed (*id.* at 16), (4) plaintiff has also failed to allege that he was denied substantive due process with respect to the October 16, 2016 incident because he has not alleged any use of physical force, that the officer was able to effectuate the threat of detention, or that plaintiff was subsequently detained, (5) plaintiff has not alleged that he was without an adequate post-deprivation remedy, or that the deprivation was the result of a "random and unauthorized" act, as required to succeed on his claim regarding the alleged December 16, 2016 theft of his wallet (*id.* at 18-19), and (6) plaintiff's *Monell* claim fails because he included no specific allegations against or references to New York City, or allegations regarding a municipal policy, practice, or custom, to support such a claim (*id.* at 20-21 (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). With regard to plaintiff's Section 1985 conspiracy claim, Magistrate Judge Locke correctly explained that this claim (1) was barred by the intracorporate conspiracy doctrine because the individual defendants are part of a single municipal entity, and plaintiff does not allege that any of them possessed an independent conspiratorial purpose (*id.* at 22), and (2) failed because plaintiff did not make any allegations regarding racial or class-based animus (*id.* at 23).

Finally, pointing to precedent in which courts declined to exercise supplemental jurisdiction over state law claims once federal claims were dismissed, the R&R correctly recommended that this Court decline to exercise supplemental jurisdiction over any state law claims that the amended complaint could be construed to contain. (*Id.* (citing *Quiroz v. U.S. Bank Nat'l Ass'n*, No. 10-CV-2485, 2011 WL 2471733, at \*8 (E.D.N.Y. May 16, 2011).)

As discussed *supra*, the R&R recommends that the Court dismiss each of plaintiff's claims without prejudice—except for plaintiff's causes of action based on the Brooklyn Incidents, which the R&R recommends dismissing *with* prejudice—and grant plaintiff leave to amend. (*Id.* at 24- 25.) In particular, the R&R recommended that the Court grant leave for plaintiff to amend his complaint to include allegations that would "justify equitable tolling of the statute of limitations and satisfy the various other pleading requirements under the standards addressed above." (*Id.* at 25.) The R&R explains that plaintiff should not be permitted to include the Brooklyn Incident claims in an amended complaint because any amendment to these claims would be futile. (*Id.*)

The Court has considered all of plaintiff's objections and concludes, after *de novo* review, that they point to no errors in the R&R. Even liberally construing plaintiff's objections, the Court finds that plaintiff has not put forward any arguments that address the issues discussed above (lack of subject matter jurisdiction, failure to state a claim). Instead, plaintiff first simply states that he will include some of the additional information that the R&R noted he would need to add when filing a second amended complaint, such as "allegations that would justify the timeliness" of the claim regarding the February 7, 2014 incident. (ECF No. 60 at 2.) The remainder of plaintiff's submission summarizes the claims stated in the original complaint, without pointing to any error in the R&R—for instance, plaintiff does not make any arguments regarding his administrative complaint and the claims relating to the Brooklyn Incidents, and fails to point to any facts demonstrating any of the individual defendants' personal involvement. In short, the Court agrees with the R&R and dismisses all of plaintiff's claims without prejudice, except for the claims based on the Brooklyn Incidents, which the Court dismisses with prejudice.

## Leave to Amend

The Court has also considered whether plaintiff should be granted leave to amend, as the R&R recommended and plaintiff requested. Defendants responded to this recommendation in the R&R and plaintiff's request, urging the Court to deny leave to amend the complaint. (ECF No. 61.) Defendants argue that plaintiff's objection included what appear to be proposed amendments to his current complaint, and discuss why these claims would still fail if amended in the ways plaintiff proposes. (*Id.* at 1-6, 8.)

Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Second Circuit has emphasized that district courts should not dismiss *pro se* complaints "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *E.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999). Although defendants are correct in asserting that the objections do not suggest how plaintiff can cure the defects in another amended complaint, his objections were not required to do that (given that the R&R was recommending an opportunity to amend). Thus, in light of plaintiff's *pro se* status, and because the Court is unable to determine at this juncture that any amendment would necessarily be futile, the Court grants plaintiff leave to amend.[3]

## Conclusion

For the foregoing reasons, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R, and grants the motions to dismiss (ECF Nos. 25, 37) in

---

[3] Although plaintiff has already submitted an amended complaint, the first amended complaint was filed prior to any decision by the Court identifying the pleading defects. Thus, in its discretion, the Court concludes that now, having notice of the pleading defects from the Court, plaintiff should be given one more opportunity to address these issues.

their entirety. Accordingly, the first amended complaint (ECF No. 10) is dismissed without prejudice, except for plaintiff's claims based on the Brooklyn Incidents, which are dismissed with prejudice. The Court grants plaintiff leave to submit a second amended complaint in accordance with the specifications set forth in the R&R and summarized *infra*. Plaintiff's second amended complaint must be filed within 45 days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Joseph Bianco
Joseph F. Bianco
United States District Judge

Dated:      July 26, 2018
              Central Islip, New York